IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL M. WAGGONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:21-CV-03164-WJE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Michael M. Waggoner seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA") under 42 U.S.C. §§ 401–434. For the reasons that follow, the Court reverses and remands the decision of the Acting Commissioner for further consideration and development of the record.

### I. Background

Mr. Waggoner protectively filed a claim for DIB on April 17, 2019. (AR 13). He alleged a disability onset date of November 15, 2016, due to anxiety, manic depression, panic attacks, scoliosis, an injured hyoid bone, social anxiety, memory loss, and bipolar disorder. (*Id.* 13, 170). His claim was initially denied on September 19, 2019. (*Id.* 13). He filed a written request for hearing before an Administrative Law Judge ("ALJ"), which was held on September 15, 2020. (*Id.*).

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

On November 2, 2020, the ALJ denied Mr. Waggoner's claim in a written decision. (*Id.* 10-23). The ALJ determined that although Mr. Waggoner had severe impairments none of them met or exceeded a listed impairment. (*Id.* 16-18). She also determined that Mr. Waggoner retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> he could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8 hour day; and sit for 6 hours in an 8 hour workday. [He] should have only occasional exposure to sun light. He has the ability and concentration to perform routine, repetitive tasks involving simple work-related decisions, with little to no judgment, and only occasional workplace changes. The claimant can have only occasional contact with the public, co-workers and supervisors[.]

(*Id.* 18). The ALJ found that although Mr. Waggoner could not perform his past relevant work, he could perform work as a small parts assembler, packing header, or blade balancer. (*Id*. 22-23).

Following the ALJ's decision, Mr. Waggoner filed an appeal with the Appeals Council. (*Id.* 147-49). The Appeals Council denied his request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-6). Because Mr. Waggoner has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R § 404.1520; *see Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;

(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and

(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must find deficiencies that significantly undermine the ALJ's determination to reverse and remand. *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quotation omitted). Significant inaccuracies or incomplete analyses in the ALJ's opinion may, however, serve as a basis for reversal. *Draper*, 425 F.3d at 1130 ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.") (quotation omitted).

### IV. Discussion

Mr. Waggoner raises two issues in his appeal before this Court. First, he argues that the ALJ did not properly consider Nurse Practitioner Alicia Thomas' medical opinion. (*See* Doc. 13

at 9-14). Second, he argues that his RFC is not supported by substantial evidence. (*See id.* at 14-18). The Court finds that remand is warranted because the ALJ failed to address the supportability of Nurse Thomas' medical opinion, and the RFC is not supported by substantial medical evidence.

> A. *The ALJ erred when she did not articulate the supportability of Nurse Thomas' medical opinion.*

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (citations omitted). For claims filed on or after March 17, 2017, the ALJ must evaluate medical opinions according to 20 C.F.R. § 404.1520c. An ALJ must determine the persuasiveness of medical opinions based on five factors:

> (1) supportability of the opinion with relevant objective medical evidence and supporting explanations;
> (2) consistency with the evidence from other medical sources and nonmedical sources in the claim;
> (3) relationship with the claimant, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination;
> (4) specialization; and
> (5) other relevant factors.

*McCoy v. Saul*, No. 4:19-CV-00704-NKL, 2020 WL 3412234, at *2 (W.D. Mo. June 22, 2020) (citing 20 C.F.R. § 404.1520c(c)). The medical opinion's supportability and consistency are "the most important factors" when determining the persuasiveness of the medical opinion. 20 C.F.R. § 404.1520c(b)(2). So the ALJ must explain how they considered these two factors. *Id.* If the ALJ does not, "[t]he failure to comply with SSA regulations is more than a drafting issue, it is legal error." *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) (citation omitted).

Here, while the ALJ addressed the consistency of Nurse Thomas' opinion, stating that the "degree of limitation opined to is . . . inconsistent with the claimant's treatment records and mental status findings," the ALJ failed to address the supportability factor. (AR 21-22). Nurse Thomas'

medical source statement details Mr. Waggoner's symptoms, her clinical findings, and his course of treatment. (*Id.* 530-40). The ALJ fails to address this support, however, and dismisses the opinion because Nurse Thomas did not evaluate Mr. Waggoner within the relevant period, the treating relationship is not well-established, and the opinion does not appear to be consistent with the other medical evidence. (*Id.* 21-22). The ALJ's failure to explain the supportability factor in her written decision does not meet the requirements of the regulation, so the decision must be remanded. *See* 20 C.F.R. § 404.1520c(b)(2); *see also Lucus*, 960 F.3d at 1070.

Moreover, the ALJ's reasons for dismissing Nurse Thomas' opinion, including that Nurse Thomas did not evaluate Mr. Waggoner within the relevant period, the treating relationship is not well-established, and the opinion is not consistent with relevant evidence, are not convincing. (*See* AR 21-22). First, to establish entitlement to DIB, the claimant must establish disability before their insured status expires. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). Yet, "[e]vidence from outside the insured period can be used in 'helping to elucidate a medical condition during the time for which benefits might be rewarded.'" *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006) (quoting *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998)). Here, the relevant period is November 15, 2016, to September 30, 2018, the date Mr. Waggoner was last insured, and Nurse Thomas completed the medical source statement on September 9, 2020. (AR 14, 535). This, however, does not categorically mean her opinion is not relevant, as it can be used to still evaluate whether Mr. Waggoner had a disability during the relevant period. *See Cox*, 471 F.3d at 907. Second, it appears that Nurse Thomas did have a treating relationship with Mr. Waggoner because he testified that Nurse Thomas would sometimes treat him when he went to see his primary care doctor during the relevant period. (AR 89). Even if Nurse Thomas did not treat Mr. Waggoner, "medical evidence of a claimant's condition subsequent to the expiration of the

claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status." *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). Third, Nurse Thomas' medical source statement appears to be consistent with many of the ALJ's findings. Nurse Thomas diagnosed Mr. Waggoner with "scoliosis [and] lumbar radiculopathy," which is consistent with the diagnostic imaging the ALJ considered. (AR 20-21, 532-34). Her clinical findings identify "specific pain areas in [the] region of L4-S1," which is similar to the diagnostic imaging showing that Mr. Waggoner suffered from advanced L5-S1 spondylosis in his lumbar spine. (*Id.* 20, 532). Overall, the ALJ failed to address the supportability of Nurse Thomas' opinion, which is one of the two factors that the ALJ is required to address according to 20 C.F.R. § 404.1520c(b)(2). This requires remand.

  *B. The RFC was not supported by substantial evidence.*

"A claimant's RFC is 'the most [he] can still do despite [his] limitations.'" *Swink*, 931 F.3d at 769 (quoting 20 C.F.R. § 404.1545(a)(1)). "[T]he RFC determination is a 'medical question,' that 'must be supported by some medical evidence of [the claimant's] ability to function in the workplace.'" *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)). "[A]lthough medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner, based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." *Id.* (quotations omitted).

  Here, the ALJ found that Mr. Waggoner could perform a range of light work but failed to point to substantial medical evidence supporting this conclusion. The ALJ did evaluate other medical opinions but found them unpersuasive. (AR 21-22). Moreover, the other medical evidence in the record does not support the ALJ's RFC finding. Treatment records document continuing

prescriptions for pain medication. (*Id.* 287, 301, 334, 348, 366, 377, 438). A "'consistent diagnosis of chronic . . . pain, coupled with a long history of pain management and drug therapy,' [is] an 'objective medical fact' supporting a claimant's allegations of disabling pain." *O'Donnell v. Barnhart*, 318 F.3d 811, 817 (8th Cir. 2003) (quoting *Cox v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998)). Mr. Waggoner's severe impairments of degenerative disc disease of the cervical, thoracic, and lumbar spine, mild scoliosis, depressive disorder, and anxiety disorder do not support a finding that Mr. Waggoner could perform a range of light work.

## V. Conclusion

For the reasons set forth herein, the Court finds the Acting Commissioner's determination that Mr. Waggoner was not disabled is not supported by substantial evidence in the record. The decision is reversed and remanded for further consideration and development of the record.[2] Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is reversed and remanded for further consideration and development of the record, as set forth herein.

Dated this 4th day of March, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge

---

[2] If the Acting Commissioner's decision is reversed, the case should ordinarily be remanded for further proceedings "out of our abundant deference to the ALJ." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quotation omitted). An immediate finding of disability is warranted only "if the record overwhelmingly supports such a finding." *Id.* (citation and quotation omitted).